PROVOSTS', J.
The charter of the, city of Shreveport, as amended by Act No. 283 of 1908, provides that the council shall have the authority “to determine the completion and dimensions of the pavement of the streets, to fix the squaring, and to prevent any encroachments upon or stopping and obstructing the streets, alleys, public squares, levees, public roads, or any part of the landing or port of Shreveport, and to order any object, whatever may be its value, which may incumber such place, or prevent and embarrass the free use of same, to be torn down and removed, or sold for whom it may concern, in the same manner and after such notice as shall be required by such regulations.”
Under the authority of this provision of the charter, the city council adopted the following ordinance:
“An Ordinance.
“Providing for the removal of any house or other structure that encroaches or that shall hereafter encroach upon any street, alley, or other public place in the City of Shreveport.
“Section 1. Be it ordained by the city council of the city of Shreveport, in iegal and regular session convened, that it shall be unlawful for any person, firm or corporation to maintain any existing house or other structure of any kind which encroaches upon any street, alley, public square, levee, public road, landing or port, or any other place in said city. Further, that it is hereby unlawful for any person, firm, or corporation hereafter to erect and maintain any such house or other structure.”
“Sec. 11. Be it further ordained, etc., that the owner of any such encroaching house or other structure, shall remove same from any such public property above described within twenty days after he shall have been served with a written notice by the street commissioner so to do. In the event that said notice shall not have been complied with within the time designated, the street commissioner shall tear down and remove said structure forthwith.”
Acting under this ordinance, the street commissioner of the city, defendant in this case, served a notice upon the plaintiff to remove her house, which encroached 4Vio feet upon the sidewalk of Louisiana avenue, one of the principal streets of the city. The plaintiff appealed to the council to stay the commissioner. The minutes of the council show the following:
“On motion of Mr. Ford, the rules were suspended, to allow Mr. Agurs to speak relative to moving his mother’s house, corner Cotton and Louisiana streets, as he could not give any definitive information relative to the matter of moving said house, on motion of Mr. Bodenhejmer, the_ matter was left with the street commissioner, improvement committee and city attorney.”
Plaintiff brought this suit enjoining the defendant street commissioner from removing the house. The case was tried on the following statement of facts:
Statement of Facts.
“In this case the following agreed statement of facts is filed by the plaintiff and defendant:
“The plaintiff erected a permanent residence on her lots described in her petition, and said residence encroaches four and six-tenths (4g/10) *189 feet on the sidewalk space of Louisiana avenue, a public street of the city of Shreveport. This residence was built twenty-six years ago, and cannot be moved without great expense and inconvenience.
“Said house was erected by the plaintiff in good faith and under the belief that same was placed on the correct property line, she having been given the line by some person whom she believed to be the then city engineer.
“It is admitted that the attached pictures marked ‘A’ and ‘B’ correctly show the front and the rear of the premises respectively; that picture marked ‘A’ shows the sidewalk space from north to south, and the picture marked ‘B’ shows the sidewalk from south to north.
“It is admitted that Louisiana is one of the most important and busy thoroughfares of Shreveport at the point opposite plaintiff’s residence; that the sidewalk space is 13 feet on the west side of the street, being the side on which the plaintiff’s property encroached; that on the opposite or east side of Louisiana avenue, a concrete sidewalk is laid in the block in which the plaintiff’s property is located, and is 6 feet wide, entire space being 13 feet.
“It is further admitted that the Union Depot of Shreveport, La., is one block south of the plaintiff’s property and on the same side of Louisiana avenue, and that practically all of the foot traffic that leaves the Union Depot takes the Aguifs or west side of Louisiana avenue, and that the entix’e sidewalk space from the Union Depot to Texas street, the principal business street five blocks north, is paved with solid concrete or bricks from curb line to property line, 13 feet, with the exception of one block further north, also excepting that point alongside the Agur’s residence, which is as follows: From curb line to concrete sidewalk 2 feet, 3 inches, concrete sidewalk 4 feet, from concrete sidewalk to encroaching building 2 feet, 2 inches; that the concrete sidewalk as laid on Louisiana avenue opposite the Agur’s residence is as wide as the narrow concrete sidewalk on the west or Agur’s side.
“It is further admitted that on November 22, 1909, the street commissioner-, R. M. McKellar, under orders of Shreveport city council, served personal notice on the plaintiff to remove said obstruction, as per copy hereto attached and marked ‘0,’ and after twenty or more dajrs expires he would have proceeded to remove said property in so far as it encroaches on the sidewalk, except for the restraining order of the court.
“It is further admitted that there exists an ordinance of the city of Shreveport as shown on the back side of said notice.
“It is admitted that the attached documents marked ‘D,’ ‘B,’ ‘F,’ and ‘G,’ respectively, show the proceedings of the city council of Shreveport, relative to and affecting plaintiff’s property.
“It is consented that the case shall be submitted solely on this statement of facts.”
[1, 2] The above quoted provision of the charter of the city of Shreveport confers upon the council two separate and distinct powers: One, “to prevent any encroachments upon or stopping and obstructing the streets”; and one, to “order to be torn down and removed any object which may incumber the street, or prevent and embarrass the free use of same.” The first of these powers looks to the future. It has reference to all attempts whatsoever at encroaching upon, or obstructing the street, be the encroachment or obstruction serious or insignificant, big or small. It may be exercised by the passage of a general ordinance instructing the street commissioner to. see to it that no future encroachments or obstructions are begun. The second of these powers has reference to cases where, at some time in the past, with or without permission of the city authorities, through inadventure or otherwise, some object has been constructed, in whole or in part, upon the street, and, because of the permission given, or because of peculiar circumstances, or, indeed, simply because of the long acquiescence, whereby conditions have been allowed to develop and interests to grow, it would be inequitable to disturb the existing situation unless the public interest actually required it. In the latter class of cases, and in the exercise of this second power, the city council is authorized to order the object to he torn down and removed if it incumber the street, or prevent and embarrass its free use. Before such an order can be given, the city council must find as a fact that the object incumbers the street or prevents and embarrasses its free use. In other words, the exercise of this power involves discretion and judgment, and, such being the case, the power must be exercised by the city council itself and cannot be delegated to the street commissioner; that is to say, must be so exercised specially in each particular case. From the exercise of this discretionary power, the party in interest has *191 an appeal to the courts in case of gross abuse of the discretion. The exercise of the first of these powers involves nothing more than the enforcement of a fixed and unbending rule. The exercise of the other power involves judgment and discretion.
The case of plaintiff comes under the latter or second power. The circumstances under which the house in question was located where it is appeal strongly to the equitable sense against its unnecessary removal. That, however, is a matter for the city council to consider. But, before the city council can order this house to be torn down and removed, it must find that it incumbers the street or embarrasses and prevents its free use. As yet it has not acted upon that question. It has simply referred the matter to the street commissioner. The discretionary powers with which the council is invested in the matter cannot be thus delegated.
Judgment affirmed.
BREAUX, O. J., concurs. MONROE, J., dissents. SOMMERYILLE, J., takes no part herein.